STEPHEN M. HAYES (SBN 83583)
JOSHUA N. KASTAN (SBN 284767)
GABRIELLE A. HOLLINGSWORTH (SBN 292955)
HAYES SCOTT BONINO ELLINGSON & McLAY, LLP
203 Redwood Shores Pkwy., Ste. 480
Redwood City, California  94065
Telephone:  650.637.9100
Facsimile:  650.637.8071

Attorneys for Defendant
HARTFORD CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK ADAMS<br><br>            Plaintiff,<br><br>    v.<br><br>HARTFORD CASUALTY INSURANCE COMPANY, a New Jersey Corporation; and DOES 1 through 10, inclusive,<br><br>            Defendants. | CASE NO.<br><br>[*Formerly Los Angeles County Superior Court, Case No. BC586308]*<br><br>**DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**<br>**[DIVERSITY JURISDICTION]** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that defendant Hartford Casualty Insurance Company ("Hartford") hereby removes to this Court the state action described below:

1.      Hartford is the defendant in the civil action commenced with Plaintiff Patrick Adams' ("Plaintiff") filing of a complaint on June 26, 2015 ("Complaint") in the Superior Court of the State of California, County of Los Angeles, Case No. BC586308, entitled Patrick Adams v. Hartford Casualty Insurance Company.

2.      Hartford was first served with a copy of the Summons and the Complaint on June 29, 2015.  A true and correct copy of the Complaint is attached hereto as Exhibit "1" and is incorporated as part of this Notice.

///

613584

-1-

**HARTFORD'S NOTICE OF REMOVAL OF STATE ACTION – CASE NO. BC586308**

**JURISDICTION**

**A.     Removal Jurisdiction Based on Diversity Jurisdiction**

3.     This action is a civil action over which this court has original jurisdiction under 28 U.S.C. section 1332, and is one that may be removed to this court by Hartford pursuant to the provisions of 28 U.S.C. section 1441, in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs, and is between citizens of different states.

**B.     Minimum Amount in Controversy Exceeds $75,000**

4.     This is an insurance bad faith case.  The fact that the amount in controversy exceeds the minimum requirement for diversity jurisdiction can be determined based on the nature of the claims described in the Complaint and the type of damages sought therein.

5.     Specifically, this claim arises from an underlying claim for wrongful termination and breach of contract by Adams against his former employer, Sheervision, Inc., Beryl Zyskind, and Assurance Funding Solutions, LLC (Los Angeles County Superior Court, Case No. YC067796, Complaint Filed Sept. 14, 2012).  (Compl., ¶ 2.)  A true and correct copy of the Second Amended Complaint ("SAC") in the underlying action is attached hereto as Exhibit "2".

6.     In the instant action, Adams alleges that he entered into a settlement agreement with the defendants to the underlying claim, under which Zyskind assigned any claims Zyskind might have against Hartford based on Hartford's refusal to defend and indemnity Zyskind in the underlying action.  (Compl., ¶ 4.)  As a result of the settlement Adams alleges that Zyskind incurred monetary damages.  (Compl., ¶¶ 15, 22.)

7.     Furthermore, Adams' complaint in the instant case seeks an award of attorney's fees.  (Exhibit 2, ¶¶ 93, 133.)  Attorney's fees can be compensable in an insurance bad faith action.  (*Cassim v. Allstate Ins. Co.*, 33 Cal.4th 780, (2004).)  Attorney's fee damages can be sufficient to invoke the jurisdictional minimum.  (*Simmons v. PCR Technology*, 209 F.Supp.2d 1029 (N.D.Cal. 2002).)  In general, when an insured retains an attorney to obtain policy benefits that were unreasonably withheld, he is entitled to recovery of

-2-

**HARTFORD'S NOTICE OF REMOVAL OF STATE ACTION – CASE NO. BC586308**

those attorney's fees "attributable to the attorney's efforts to obtain the rejected payment due on the insurance contract." (*Brandt v. Superior Court*, 37 Cal.3d 813, 819 (1985).) Since the amount in controversy includes attorney's fees if recoverable by statue or contract, attorney fees recoverable under *Brandt* are considered in determining whether the amount in controversy exceeds the jurisdictional amount. (*Richmond v. Allstate Insurance Co.*, 897 F.Supp. 447, 450 (S.D.Cal. 1995).) Nonetheless, Hartford reserves its right to dispute any such claims relative to the existence, amount, and appropriateness of this as a damage element.

8.    In the underlying action, Adams sought damages for loss of salary and benefits in excess of $266,000. (Exhibit 2, ¶¶ 59, 69, 71, 132.) Adams further sought reimbursement of travel expenses in the amount of $6,800. (Exhibit 2, ¶ 92.) Adams also sought damages for physical and emotional distress. (Exhibit 2, ¶ 85.)

9.    Moreover, as referenced in the Complaint, Adams puts at issue in this case and in the underlying action the policy benefits under Sheer Vision, Inc.'s policy with Hartford (Policy No. 72 SBA UV9026). A true and correct copy of Sheer Vision's Hartford Policy is attached hereto as Exhibit "3", Bates-stamped ADAMSCP001 through ADAMSCP159 for ease of reference. Under the policy, Sheer Vision maintained a business liability per occurrence limit of $1,000,000. (Exhibit 3, p. 13.)

10.    In this current action, Adams seeks to recover against Hartford for its alleged failure to defend and indemnify Zyskind in the underlying proceedings. (Compl., ¶ 21.) As a result, Adams puts at issue in the case at bar the amount in controversy in the underlying action and the Hartford policy limits. Each of these amounts is, on its own, sufficient to invoke the minimum jurisdiction amount of this Court.

**C.    Complete Diversity of Citizenship Exists**

11.    At the time of the commencement of this action, and at all times since, Hartford has been, and still is, a corporation of the State of Indiana, being incorporated under the laws of Indiana, and has had and continues to have its principal place of business in Indiana.

12.    Plaintiff Adams has been and continues to be a citizen of the State of California, having

been a resident of the State of California.  (Compl., ¶6.)  Adams has resided in California at all times relevant to the underlying proceedings, since at least April 2009 to the present.  (Compl. ¶¶ 2, 6; Exhibit 2, ¶¶ 1, 11.)

13.    This action was brought in the State of California.  Hartford, as a corporate defendant is not, at the time of the institution of this action, and is not now, a corporation incorporated under the laws of the State of California, and does not have at the time of the institution of this action, and does not have now, its principal place of business in California.  Therefore, Hartford is not a citizen of California.

Dated:  July 28, 2015                    HAYES SCOTT BONINO ELLINGSON & MCLAY, LLP


By:  _____
          STEPHEN M. HAYES
          JOSHUA N. KASTAN
          GABRIELLE A. HOLLINGSWORTH
          Attorneys for Defendant
          HARTFORD CASUALTY INSURANCE
          COMPANY


## DEMAND FOR JURY TRIAL

Hartford hereby demands a trial by jury.


Dated:  July 28, 2015                    HAYES SCOTT BONINO ELLINGSON & MCLAY, LLP


By_____
          STEPHEN M. HAYES
          JOSHUA N. KASTAN
          GABRIELLE A. HOLLINGSWORTH
          Attorneys for Defendant
          HARTFORD CASUALTY INSURANCE
          COMPANY

613584

-4-